1  **TUCKER ELLIS & WEST LLP**
2  ANNE SWOBODA CRUZ – STATE BAR NO. 229819
   515 South Flower Street, Forty-Second Floor
3  Los Angeles, CA  90071
   Telephone: 213.430.3400
4  Facsimile: 213.430.3409
   anne.cruz@tuckerellis.com
5
   TUCKER ELLIS & WEST LLP
6  LILLIAN C. MA – STATE BAR NO. 210103
   135 Main Street, Suite 700
7  San Francisco, CA  94105
   Telephone:  415.617.2400
8  Facsimile:   415.617.2409
   lillian.ma@tuckerellis.com
9

10 Attorneys for Defendants
   AVCO CORPORATION and
11 CARRIER CORPORATION

12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15 WALTER NIELSEN and ARLEEN          **CASE NO.  CV11-04270 SJO (Ex)**
16 NIELSEN,
                                       Hon. Manuel L. Real
17              Plaintiffs,
                                       **ANSWER OF AVCO CORPORATION**
18     v.                              **TO FIRST AMENDED COMPLAINT**

19 AECOM TECHNOLOGY
   CORPORATION (sued as successor to
20 DANIEL, MANN, JOHNSON &            **Demand for Jury Trial**
   MENDENHALL a/k/a DMJM);
21 AEROJET GENERAL CORPORATION;
   AIR PRODUCTS & CHEMICALS, INC.;
22 ARMCO STEEL CORPORATION (sued
   as successor-by-merger to ARMCO
23 DRAINAGE AND METAL
   PRODUCTS); AVCO CORPORATION;
24 CARRIER CORPORATION;
   COMPUDYNE CORPORATION;
25 COSMODYNE LLC f/k/a COSMODYNE
   CORPORATION; DMJM AVIATION,
26 INC.; DMJM INTERNATIONAL, INC.;
   DONALDSON COMPANY, INC. sued as
27 successor-by-merger to WESTERN
   FILTER CORPORATION, INC.; FRANK
28 M. BOOTH, INC.; GRINNELL LLC d/b/a
   GRINNELL CORPORATION; LEHIGH

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

_____
            **ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**
LaImanage/010507/000052/723436

1  SOUTHWEST CEMENT COMPANY
   (sued individually and as successor-in-
2  interest to CALAVERAS CEMENT
   COMPANY); LOCKHEED MARTIN
3  CORPORATION (sued individually and
   as successor-in-interest to MARTIN
4  MARIETTA COMPANY s/b/m THE
   GLENN L. MARTIN CO.); PACIFIC
5  BELL TELEPHONE d/b/a AT&T
   CALIFORNIA; PARKER-HANNIFIN
6  CORPORATION; PARSONS
   CORPORATION f/k/a RALPH M.
7  PARSONS COMPANY; PETER KIEWIT
   SONS', INC.; UNYSIS CORPORATION
8  sued individually and as successor-in-
   interest to SPERRY RAND CO s/b/m to
9  REMINGTON-RAND CO);

10                  Defendants.

11

12

13       Defendant Avco Corporation ("Defendant"), by and through its undersigned

14  attorneys, hereby submits its Answer and Affirmative Defenses to the First Amended

15  Complaint of plaintiffs Walter and Arleen Nielsen ("Plaintiffs"), and in defense of the

16  allegations therein, states as follows:

17       1.     In response to the paragraph 1 of the First Amended Complaint, Defendant

18  denies that it or any of its subsidiaries was the agent, servant, employee and/or joint

19  venture of any other defendant named in the First Amended Complaint at any time or in

20  any context relevant to the allegations of the First Amended Complaint; and Defendant

21  further denies that any other defendant named in the First Amended Complaint was its

22  agent, servant, employee and/or joint venture at any time or in any context relevant to the

23  allegations of the First Amended Complaint.  Defendant is without knowledge or

24  information sufficient to form a belief as to the truth of the allegations contained in

25  paragraph 1 of the First Amended Complaint and on that basis denies them except that

26  Defendant admits it is incorporated in the State of Delaware and may do business in the

27  State of California.

28

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**

LaImanage/010507/000052/723436

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint and on that basis denies them.

3.     Defendant incorporates herein by reference, as though fully set forth herein, all of its responses to the prior paragraphs 1-2 as set forth above.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the First Amended Complaint and on that basis denies them.

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the First Amended Complaint and on that basis denies them.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Amended Complaint and on that basis denies them.  Defendant further denies any portion of the allegations attributing liability to Defendant.

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the First Amended Complaint and on that basis denies them.  Defendant further denies any portion of the allegations attributing liability to Defendant.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the First Amended Complaint and on that basis denies them.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the First Amended Complaint and on that basis denies them.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the First Amended Complaint

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**

LaImanage/010507/000052/723436

1  and on that basis denies them.  Defendant further denies any portion of the allegations
2  attributing liability to Defendant.

3      11.    Defendant is without knowledge or information sufficient to form a belief as
4  to the truth of the allegations contained in paragraph 11 of the First Amended Complaint
5  and on that basis denies them.  Defendant further denies any portion of the allegations
6  attributing liability to Defendant.

7      12.    In response to any allegations of liability in paragraph 12, Defendant denies
8  that any of its conduct caused any injuries to plaintiffs.  Defendant is without knowledge
9  or information sufficient to form a belief as to the truth of the remaining allegations
10  contained in paragraph 12 of the First Amended Complaint and on that basis denies them.

11      13.    In response to any allegations of liability in paragraph 13, Defendant denies
12  that any of its conduct caused any injuries to plaintiffs.  Defendant is without knowledge
13  or information sufficient to form a belief as to the truth of the remaining allegations
14  contained in paragraph 13 of the First Amended Complaint and on that basis denies them.

15      14.    In response to any allegations of liability in paragraph 14, Defendant denies
16  that any of its conduct caused any injuries to plaintiffs.  Defendant is without knowledge
17  or information sufficient to form a belief as to the truth of the remaining allegations
18  contained in paragraph 14 of the First Amended Complaint and on that basis denies them.

19      15.    Defendant is without knowledge or information sufficient to form a belief as
20  to the truth of the allegations contained in paragraph 15 of the First Amended Complaint
21  and on that basis denies them.  Defendant further denies any portion of the allegations
22  attributing liability to Defendant.

23      16.    Defendant is without knowledge or information sufficient to form a belief as
24  to the truth of the allegations contained in paragraph 16 of the First Amended Complaint
25  and on that basis denies them.  Defendant further denies any portion of the allegations
26  attributing liability to Defendant.

27      17.    Defendant denies the allegations in paragraph 17 of the First Amended
28  Complaint.  Defendant is without knowledge or information sufficient to form a belief as

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**
LaImanage/010507/000052/723436

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

1  to the truth of the allegations contained in paragraph 17 of the First Amended Complaint

2  including but not limited to the allegations regarding any third parties, other defendants,

3  Walter Nielsen, and/or his alleged health and on that basis denies them.

4        18.    Defendant denies the allegations in paragraph 18 of the First Amended

5  Complaint. Defendant is without knowledge or information sufficient to form a belief as

6  to the truth of the allegations contained in paragraph 18 of the First Amended Complaint

7  including but not limited to the allegations regarding any third parties, other defendants,

8  and/or Walter Nielsen and on that basis denies them.

9        19.    Defendant denies the allegations in paragraph 19 of the First Amended

10  Complaint. Defendant is without knowledge or information sufficient to form a belief as

11  to the truth of the allegations contained in paragraph 19 of the First Amended Complaint

12  including but not limited to the allegations regarding any third parties, other defendants,

13  and/or Walter Nielsen and on that basis denies them.

14        20.    Defendant denies the allegations in paragraph 20 of the First Amended

15  Complaint. Defendant is without knowledge or information sufficient to form a belief as

16  to the truth of the allegations contained in paragraph 20 of the First Amended Complaint

17  including but not limited to the allegations regarding any third parties, other defendants,

18  and/or Walter Nielsen and on that basis denies them.

19        21.    Defendant denies the allegations in paragraph 21 of the First Amended

20  Complaint. Defendant is without knowledge or information sufficient to form a belief as

21  to the truth of the allegations contained in paragraph 21 of the First Amended Complaint

22  including but not limited to the allegations regarding any third parties, other defendants,

23  and/or Walter Nielsen and on that basis denies them.

24        22.    Defendant denies the allegations in paragraph 22 of the First Amended

25  Complaint. Defendant is without knowledge or information sufficient to form a belief as

26  to the truth of the allegations contained in paragraph 22 of the First Amended Complaint

27  including but not limited to the allegations regarding any third parties, other defendants,

28  and/or Walter Nielsen and on that basis denies them.

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**

LaImanage/010507/000052/723436

23.   Defendant incorporates herein by reference, as though fully set forth herein, each and every one of its responses to the prior paragraphs 1-22 as set forth above.

24.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the First Amended Complaint and on that basis denies them. Defendant further denies any portion of the allegations attributing liability to Defendant.

25.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the First Amended Complaint and on that basis denies them. Defendant further denies any portion of the allegations attributing liability to Defendant.

26.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the First Amended Complaint and on that basis denies them. Defendant further denies any portion of the allegations attributing liability to Defendant.

27.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the First Amended Complaint and on that basis denies them. Defendant further denies any portion of the allegations attributing liability to Defendant.

28.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the First Amended Complaint and on that basis denies them. In particular, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the First Amended Complaint including but not limited to the allegations regarding any third parties, other defendants, Walter Nielsen, and/or his alleged health and on that basis denies them. Defendant further denies any portion of the allegations attributing liability to Defendant.

29.   Defendant denies the allegations in paragraph 29 of the First Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

6

1  to the truth of the allegations contained in paragraph 29 of the First Amended Complaint
2  including but not limited to the allegations regarding any third parties, other defendants,
3  and/or Walter Nielsen and on that basis denies them.

4      30.    Defendant denies the allegations in paragraph 30 of the First Amended
5  Complaint. Defendant is without knowledge or information sufficient to form a belief as
6  to the truth of the allegations contained in paragraph 30 of the First Amended Complaint
7  including but not limited to the allegations regarding any third parties, other defendants,
8  and/or Walter Nielsen and on that basis denies them.

9      31.    Defendant denies the allegations in paragraph 31 of the First Amended
10 Complaint. Defendant is without knowledge or information sufficient to form a belief as
11 to the truth of the allegations contained in paragraph 31 of the First Amended Complaint
12 including but not limited to the allegations regarding any third parties, other defendants,
13 and/or Walter Nielsen and on that basis denies them.

14     32.    Defendant denies the allegations in paragraph 32 of the First Amended
15 Complaint. Defendant is without knowledge or information sufficient to form a belief as
16 to the truth of the allegations contained in paragraph 32 of the First Amended Complaint
17 including but not limited to the allegations regarding any third parties, other defendants,
18 and/or Walter Nielsen and on that basis denies them.

19     33.    Defendant denies the allegations in paragraph 33 of the First Amended
20 Complaint. Defendant is without knowledge or information sufficient to form a belief as
21 to the truth of the allegations contained in paragraph 33 of the First Amended Complaint
22 including but not limited to the allegations regarding any third parties, other defendants,
23 and/or Walter Nielsen and on that basis denies them.

24     34.    Defendant incorporates herein by reference, as though fully set forth herein,
25 each and every one of its responses to the prior paragraphs 1-33 as set forth above.

26     35.    Defendant is without knowledge or information sufficient to form a belief as
27 to the truth of the allegations contained in paragraph 35 of the First Amended Complaint
28 and on that basis denies them.

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**

LaImanage/010507/000052/723436

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the First Amended Complaint and on that basis denies them.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the First Amended Complaint and on that basis denies them.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the First Amended Complaint and on that basis denies them.  Defendant further denies any portion of the allegations attributing liability to Defendant.

39.    Defendant denies any allegations contained in the prayer for relief in paragraph 39 and further denies any liability to Plaintiffs.

## AFFIRMATIVE DEFENSES

As for and for its separate, distinct, and affirmative defenses to Plaintiffs' First Amended Complaint, and to each cause of action thereof, this Answering Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CAUSE OF ACTION)

40.    Defendant alleges that Plaintiffs' unverified First Amended Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against this Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE NEGLIGENCE)

41.    Defendant alleges, on information and belief, that any damages suffered by Plaintiffs as alleged in Plaintiffs' First Amended Complaint were proximately caused, in whole or in part, by the failure of Plaintiffs to exercise reasonable care under the circumstances and therefore Plaintiffs' recovery, if any, must be diminished by the

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT
Lalmanage/010507/000052/723436

1  proportion of the negligence of Plaintiffs which proximately caused or contributed to

2  Plaintiffs' alleged damages, if any.

### THIRD AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

5  42.  Defendant alleges on information and belief that:

6  A.  Plaintiffs' First Amended Complaint is barred by the applicable

7  statute of limitations pursuant to California Code of Civil Procedure sections 335.1, 338,

8  339, 340.2, 343, 361, 366.1, and/or 474, and/or,

9  B.  The causes of action in Plaintiffs' First Amended Complaint arose

10  outside the State of California, while Plaintiffs were non-residents of the State of

11  California, pursuant to the applicable statute(s) of limitations or statute(s) of repose

12  where Plaintiffs were then residing, working, diagnosed with the injury/disease

13  complained of, and treated for the injury/disease complained of, and Plaintiffs' First

14  Amended Complaint is barred by the provisions of those statutes and by section 361 of

15  the California Code of Civil Procedure.

### FOURTH AFFIRMATIVE DEFENSE
### (IMPERMISSIBLE USE OF "DOE" AMENDMENT)

18  43.  Defendant alleges, on information and belief, that it was impermissibly

19  named as a fictitious party in violation of California Code of Civil Procedure section 474

20  because Plaintiffs were not ignorant of the true name and the alleged basis for the claims

21  against this Defendant when Plaintiffs filed the controlling First Amended Complaint in

22  this matter.

### FIFTH AFFIRMATIVE DEFENSE
### (CONDUCT OF OTHERS)

25  44.  Defendant alleges, on information and belief, that any loss, injury, or

26  damage to Plaintiffs were proximately caused or contributed to by the negligent or other

27  tortious acts, omissions, and/or fault of other persons or entities which this Answering

28  Defendant neither controlled nor had the right or duty to control, and that no injury or

9

1 damages of which Plaintiffs complain were caused by acts or omissions of this
2 Answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE
## (PROPOSITION 51)

45. Defendant alleges, on information and belief, that there are other persons, parties, entities and/or defendants who are at fault and proximately caused Plaintiffs' injuries, if any. If this Answering Defendant is responsible to Plaintiffs, which responsibility is expressly denied, this Answering Defendant is only liable for its proportionate share of non-economic damages, if any, as set forth in California Civil Code section 1431.2.

## SEVENTH AFFIRMATIVE DEFENSE
## (NOT A SUCCESSOR-IN-INTEREST)

46. Defendant denies any and all liability to the extent that Plaintiffs allege that this Answering Defendant is liable as a successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in any entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distribution, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos.

## EIGHTH AFFIRMATIVE DEFENSE
## (ASSUMPTION OF RISK)

47. Defendant alleges, on information and belief, that Plaintiffs voluntarily and knowingly assumed the alleged risks and alleged hazards incident to the alleged operations, acts, and conduct at the times and places alleged in Plaintiffs' First Amended Complaint, and that Plaintiffs' said acts proximately caused and contributed to Plaintiffs' alleged injuries and damages, if any.

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**
LaImanage/010507/000052/723436

## NINTH AFFIRMATIVE DEFENSE
## (FAILURE TO FOLLOW WARNINGS)

48.     Defendant alleges, on information and belief, that Plaintiffs were advised, informed, and warned of any potential hazards and/or dangers, if any, associated with the normal or foreseeable use, handling, and storage of the products, substances, and equipment described in Plaintiffs' First Amended Complaint, and Plaintiffs failed to follow such warnings.

## TENTH AFFIRMATIVE DEFENSE
## (LACK OF LEGAL CAPACITY TO SUE)

49.     Defendant alleges, on information and belief, that Plaintiffs lack the legal capacity to sue and are not real parties-in-interest.

## ELEVENTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE)

50.     Defendant alleges, on information and belief, that Plaintiffs failed to mitigate the damages, if any, suffered as a result of the circumstances and injuries alleged in Plaintiffs' First Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
## (SUPERSEDING AND INTERVENING CAUSE)

51.     Defendant alleges, on information and belief, that any damages suffered by Plaintiffs were a direct and proximate result of a superseding and intervening cause of which this Answering Defendant had no control, right to control or duty to control.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (MODIFICATION/ALTERATION OF PRODUCT)

52.     Defendant, on information and belief, alleges that the products which allegedly injured Plaintiffs were altered, changed, or otherwise modified by parties, individuals, or entities other than this Answering Defendant, and said modifications, changes or alterations were a direct and proximate cause of the injuries alleged by Plaintiffs, if any.

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

11

## FOURTEENTH AFFIRMATIVE DEFENSE
### (MISUSE AND ABUSE)

53. Defendant, on information and belief, alleges that prior to and at the time of the injuries alleged in Plaintiffs' First Amended Complaint, the products which allegedly injured Plaintiffs were misused and abused and were not being used in the manner in which they were intended to be used. Such misuse and abuse directly and proximately caused and contributed to the injuries and damages complained of by Plaintiffs, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (SPOLIATION OF EVIDENCE)

54. Defendant alleges, on information and belief, that Plaintiffs and/or Plaintiffs' agents negligently or intentionally failed to preserve, and permitted the spoliation of, material evidence, including but not limited to the products which Plaintiffs allege give rise to Plaintiffs' First Amended Complaint herein. Such conduct bars Plaintiffs' action and/or gives rise to liability on the part of Plaintiffs for damages payable to this Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (NOT A SUBSTANTIAL FACTOR)

55. Defendant alleges, on information and belief, that Plaintiffs were not exposed to any substance released from any product manufactured and distributed by this Answering Defendant that was a substantial factor in causing the injury, damage, or loss of which Plaintiffs complain, and, therefore, this Answering Defendant is not liable to Plaintiffs as alleged.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (LACK OF NOTICE)

56. Defendant alleges, on information and belief, that Plaintiffs failed to give reasonable, timely, sufficient and adequate notice to this Answering Defendant of the alleged liability, damage or injury, if any.

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**
LaImanage/010507/000052/723436

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (LACHES)

57.    Defendant alleges, on information and belief, that Plaintiffs have unreasonably delayed in filing and serving this action, without good cause therefore. Said delay has directly resulted in prejudice to this Answering Defendant, and therefore, this action is barred by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

58.    Defendant alleges, on information and belief, that Plaintiffs are precluded from maintaining any cause of action against this Answering Defendant because Plaintiffs' actions preclude equitable relief under the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE
## (SOPHISTICATED USER)

59.    Defendant states, on information and belief, that Plaintiffs and/or their employers were sophisticated users of the products and/or substances referred to in the First Amended Complaint and therefore their claims against Defendant are barred as articulated in *Johnson v. American Standard* (2008) 74 Cal.Rptr.3d 108.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## (SOPHISTICATED INTERMEDIARY)

60.    Defendant states, on information and belief, that Plaintiffs' claims are barred by application of the sophisticated intermediary defense.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
## (NO WARRANTY)

61.    This First Amended Answering Defendant gave no warranties, either express or implied, to Plaintiffs.

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**

Lalmanage/010507/000052/723436

1

2

## TWENTY-THIRD AFFIRMATIVE DEFENSE
## (LACK OF PRIVITY)

3   62.   At all times and places mentioned in Plaintiffs' First Amended Complaint,

4   Defendant alleges, on information and belief, that Plaintiffs were not in privity of

5   contract with this Answering Defendant and said lack of privity bars Plaintiffs' recovery

6   herein upon any theory of warranty.

7

8

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
## (VAGUENESS OF DEFECT STANDARDS)

9   63.   The State of California's judicially created definitions of "manufacturing"

10  and "design defects" and the standards for determining whether there has been an

11  actionable failure to warn are unconstitutional in that, among other things, they are void

12  for vagueness and place an undue burden upon interstate commerce, as well as constitute

13  an impermissible effort to regulate in an area that has previously been preempted by the

14  federal government.

15

16

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
## (NO MARKET SHARE OR ENTERPRISE LIABILITY)

17  64.   Defendant alleges, on information and belief, that each and every cause of

18  action of Plaintiffs' First Amended Complaint fails to state facts sufficient to constitute a

19  cause of action under *Sindell*, "market share", or any theory of enterprise liability.

20  Defendant further alleges on information and belief that Plaintiffs have failed to join as

21  defendants in this action the producers of a substantial market share of the product or

22  products which allegedly caused or contributed to the injuries of which Plaintiffs

23  complain.

24

25

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
## (WORKERS' COMPENSATION – EXCLUSIVE REMEDY)

26  65.   Defendant alleges on information and belief that:

27      A.   Plaintiffs have received or will receive disability and medical benefits

28  under a workers' compensation law, or similar laws, from Plaintiffs' employers or former

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

14

LaImanage/010507/000052/723436

1  employers or their workers' compensation or similar insurers, on the basis that the

2  injuries and damages allegedly sustained by Plaintiffs which give rise to this lawsuit

3  occurred because Plaintiffs were performing their duties as employees of said employers

4  and therefore Plaintiffs' claims are barred by the statue of limitations per 45 U.S.C.

5  section 56 and the exclusive remedy provisions of California Labor Code section 3601, et

6  seq.;

7        B.    At the time of any alleged injury, each and every of Plaintiffs'

8  employers and former employers was careless and negligent about the matters alleged in

9  Plaintiffs' First Amended Complaint, and said carelessness and negligence of each and

10  every of said employers contributed directly and proximately to any alleged injuries or

11  damages sustained by Plaintiffs; and

12        C.    Any judgment or verdict that might be rendered in favor of Plaintiffs

13  herein should be reduced by the amount of all such payments by said employers or

14  insurers, and that each of said employers or insurers should be barred from any recovery

15  by lien or otherwise in connection with this matter under the authority of *Witt v. Jackson*

16  (1961) 57 Cal.2d 57.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

## (MILITARY CONTRACTOR IMMUNITY)

19      66.    To the extent that Plaintiffs' vague allegations in the First Amended

20  Complaint ultimately are specified through discovery and the litigation of this matter to

21  allegedly arise related to any products and/or services connected to the U.S. military and

22  U.S. government, Defendant alleges that it acted solely under the direction of a federal

23  officer and pursuant to reasonably precise specifications of the U.S. government and

24  properly performed all work thereunder according to such specifications in

25  manufacturing and distributing any products for which Plaintiffs allege caused injury to

26  Plaintiffs. Defendant further alleges that it provided any and all warnings required by

27  said specifications and federal officer and that the U.S. government had knowledge of

28  any health hazards relating to the handling and use of said products which was superior to

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**

LaImanage/010507/000052/723436

that of this Answering Defendant and that this Answering Defendant is therefore immune to suit under the military contractor immunity doctrine as set forth in *Boyle v. United Tech. Corp.* (1988) 487 U.S. 500, and *Sundstrom v. McDonnell Douglas Corp.* (N.D. Cal. 1993) 816 F.Supp. 587.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
## (STATE OF THE ART)

67.     The state of the medical, scientific, and industrial knowledge and practices was at all material times such that this Answering Defendant neither breached any alleged duty owed to Plaintiffs, nor knew, or could have known, that the product(s) it allegedly manufactured and distributed presented a foreseeable risk of harm to Plaintiffs in the normal and expected use of such a product. Any products, substances, or equipment designed, manufactured, formulated, sold, or distributed by this Answering Defendant were made consistent with the state of the art applicable to said products, substances, or equipment at the time of their design, manufacture, sale, formulation, or distribution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
## (APPLICABLE LAW)

68.     Defendant alleges that as between Plaintiffs and this Answering Defendant, the law applicable to this action is the law as it existed during the period that this Answering Defendant engaged, if at all, in the distribution or sale of the product which Plaintiffs claim caused injury. It is unlawful, inequitable, and in violation of this First Amended Answering Defendant's contractual, statutory, and constitutional rights to apply principles of law other than or in a manner different from those which existed for the period in which this Answering Defendant sold or distributed the products to which Plaintiffs claim exposure.

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**
LaImanage/010507/000052/723436

## THIRTIETH AFFIRMATIVE DEFENSE
## (OFFSET)

69. This Answering Defendant is entitled to an offset regarding all settlements entered into, or to be entered into between Plaintiffs and any person or entity, including Defendant, relating to their claims and allegations in this proceeding.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO JOIN INDISPENSABLE PARTIES)

70. Defendant alleges, on information and belief, that Plaintiffs have failed to join indispensable parties in this action pursuant to California Code of Civil Procedure section 389.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
## (COLLATERAL ESTOPPEL, ISSUE PRECLUSION AND RES JUDICATA)

71. Defendant alleges, on information and belief, that Plaintiffs' claims against this Answering Defendant are barred by the doctrines of collateral estoppel, issue preclusion and/or res judicata.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
## (EXPRESS OR IMPLIED CONSENT)

72. Defendant alleges, on information and belief, that Plaintiffs' claims against this Answering Defendant are barred because Plaintiffs expressly or impliedly consented to the conduct of this Answering Defendant described in Plaintiffs' First Amended Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
## (NO NOTICE OF BREACH OF WARRANTY)

73. Defendant alleges, on information and belief, that Plaintiffs' claims for breach of warranty are barred due to the failure of the Plaintiffs to give prompt and reasonable notice to this Answering Defendant of any alleged breach of warranty resulting in Plaintiffs' alleged injuries.

ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT

LaImanage/010507/000052/723436

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
## (WAIVER OF RIGHTS)

74.     Defendant alleges, on information and belief, that Plaintiffs, by their acts, conduct and omissions, expressly or impliedly waived whatever rights they may have had against this Answering Defendant.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
## (ESTOPPEL BASED ON CONDUCT)

75.     Defendant alleges, on information and belief, that Plaintiffs' claims against this Answering Defendant are barred because Plaintiffs engaged in conduct by reason of which Plaintiffs are estopped from asserting any claim against this Answering Defendant.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
## (VIOLATION OF COMMERCE CLAUSE)

76.     Defendant alleges that the Commerce Clause of the United States Constitution, U.S. Const. art. I, section 8, cl. 3, precludes the application of a state statute to commerce that takes place wholly outside of a state's borders, whether or not the commerce has effects within the state; and protects against inconsistent legislation arising from the projection of one state regulatory regime into the jurisdiction of another state.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
## (PLEAS IN ABATEMENT)

77.     Defendant alleges as pleas in abatement:

        A.      That another action is pending between the same parties on the same cause of action; and

        B.      Plaintiffs have improperly joined parties in this action.

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT

LaImanage/010507/000052/723436

## THIRTY-NINTH AFFIRMATIVE DEFENSE
## (PUNITIVE DAMAGES – FAILURE TO STATE A CAUSE OF ACTION)

78. Defendant alleges that the First Amended Complaint in its entirety, and each cause of action therein, fails to state a cause of action against this Answering Defendant for punitive or exemplary damages.

## FORTIETH AFFIRMATIVE DEFENSE
## (UNCONSTITUTIONALITY OF PUNITIVE DAMAGES)

79. Defendant alleges that, to the extent that it seeks exemplary or punitive damages pursuant to California Civil Code section 3294, the First Amended Complaint violates this Answering Defendant's right to procedural due process under the Fifth and Fourteenth Amendment of the United State Constitution, and Article I, section 7, of the California State Constitution, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded in that:

A. Consideration of any exemplary damages in this action would allow standardless discretion to the jury to determine punishment, depriving this Answering Defendant of prior notice of the consequences of its action;

B. The admission of evidence directly to the jury concerning this Answering Defendant's assets or net worth will create an undue risk of any proper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages, and the measure of punitive damages;

C. Exemplary damages, by their very nature, constitute punishment and are a quasi-criminal sanction for which the burden of proof should not be less than "beyond a reasonable doubt", not merely "a preponderance of the evidence" or "clear and convincing evidence".

## FORTY-FIRST AFFIRMATIVE DEFENSE
## (PUNITIVE DAMAGES – EXCESSIVE FINES)

80. Defendant alleges that, to the extent that it seeks punitive or exemplary damages pursuant to California Civil Code section 3294, the First Amended Complaint

19

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**

Lalmanage/010507/000052/723436

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

1 violates this Answering Defendant's right to protection from "excessive fines" as
2 provided in the Eighth Amendment of the United State Constitution and Article I, section
3 17 of the Constitution of the State of California, and violates this Answering Defendant's
4 right to substantive due process as provided in the Fifth and Fourteenth Amendments of
5 the United States Constitution and the Constitution of the State of California, and
6 therefore fails to state facts sufficient to support an award of either punitive or exemplary
7 damages.

### FORTY-SECOND AFFIRMATIVE DEFENSE
### (PUNITIVE DAMAGES—QUASI CRIMINAL SANCTION)

10     81.   Defendant alleges that exemplary damages are punishment, a quasi-criminal
11 sanction, for which this Answering Defendant has not been afforded specific procedural
12 safeguards prescribed by the Fourth, Fifth and Sixth Amendments of the United States
13 Constitution and Article 1, Section 7 of the Constitution of the State of California.

### FORTY-THIRD AFFIRMATIVE DEFENSE
### (PUNITIVE DAMAGES—EX POST FACTO)

16     82.   Defendant alleges that an award of punitive or exemplary damages would
17 constitute an ex post facto law in violation of the United States Constitution and the
18 Constitution of the State of California to the extent that such award is based on conduct
19 which, at the time it was undertaken, would not have constituted acts sufficient to impose
20 punitive or exemplary damages at law.

### PRAYER

26     WHEREFORE, having fully Answered, this First Amended Answering Defendant
27 prays for judgment and relief as follows:

20

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**

LaImanage/010507/000052/723436

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

1.  That Plaintiffs take nothing from this Answering Defendant by reason of the unverified First Amended Complaint;

2.  That the unverified First Amended Complaint be dismissed as to this Answering Defendant;

3.  For judgment in favor of this Answering Defendant and against Plaintiffs as to each and every cause of action listed in Plaintiffs' First Amended Complaint.

4.  That this Answering Defendant be awarded its costs for this lawsuit, including its attorneys' fees;

5.  That the trier of fact determine what percentage of the fault or other liability of all persons, entities or parties whose fault or other liability proximately caused Plaintiffs' alleged damages is attributable to each person;

6.  That any judgment for damages against this Answering Defendant in favor of Plaintiffs be no greater than an amount which equals this First Amended Answering Defendant's proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' damages;

7.  That this Answering Defendant be awarded appropriate credits and setoffs arising out of any payment of workers' compensation settlements or other settlements and/or awards as alleged above; and,

8.  That this Answering Defendant be awarded such other and further relief as the Court deems proper and equitable.

## DEMAND FOR JURY

Defendant hereby demands trial by jury of all claims so triable.

21

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**

LaImanage/010507/000052/723436

1

DATED: July 22, 2011                TUCKER ELLIS & WEST LLP

2

3

4                                   By: /s/ Anne Swoboda Cruz
                                        Anne Swoboda Cruz
5                                       Attorneys for Defendants CARRIER
                                        CORPORATION and
6                                       AVCO CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT**

LaImanage/010507/000052/723436

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

## CERTIFICATE OF SERVICE

I, Frank V. Provenzano declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On July 22, 2011, I served the following: **ANSWER OF AVCO CORPORATION TO FIRST AMENDED COMPLAINT** on the interested parties in this action by:

( X ) **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

( X ) **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for each address named on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis & West LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

(X) **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 22, 2011 at Los Angeles, California.



Frank V. Provenzano

TUCKER ELLIS & WEST LLP
Cleveland • Columbus • Denver • Los Angeles • San Francisco

PROOF OF SERVICE

1

## <u>SERVICE LIST</u>

2

3   Ron C. Eddins, Esq.                    Attorneys for
    Jennifer L. Bartlett, Esq.             *Walter Nielsen and Arleen Nielsen*
    Brian P. Barrow, Esq.
4   Conor R. Nideffer, Esq.
    **Simon Eddins & Greenstone LLP**
5   301 E. Ocean Blvd., Suite 1950
    Long Beach, California 90802
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

2
PROOF OF SERVICE

LaImanage/010507/000052/723436